[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
AGGRIEVEMENT
Sufficient evidence was introduced at the trial of the matter to show that William R. Donaldson is the owner of the property which is the subject matter of this appeal. Accordingly, the court finds that he is aggrieved. Aggrievement was not contested by the municipality at trial.
FACTS
Mr. Donaldson appears to have applied for and received a variance from the Madison Zoning Board of Appeals in 1988. Mr. Donaldson applied for a second and more extensive variance in 1990 That variance was denied. Later in 1990 Mr. Donaldson made several other applications for variances and following a hearing on March 5, 1991, the board voted to grant a variance to Mr. Donaldson. The granting of that variance was overturned by a decision of the New Haven Superior Court, Hodgson, J., dated October 28, 1991.
Very few facts are absolutely clear in the pending appeal. There is even confusion about exactly what the terms of the 1988 variance were. This confusion grows out of the fact that the CT Page 5138 application contained different requests from the grant of variance contained in the legal notice or the certificate on the land records. At the outset the court finds that the 1988 variance was as follows: front yard five feet; side yard fifteen feet; rear yard fifteen feet; area 20.7%. The court further finds that this variance was granted and no appeal was ever taken from that action. It appears that all intervening variances prior to application #6658 which is the subject of the appeal presently before the court, were for greater variation for the zoning regulations and that all intervening variances were either denied by the zoning board of appeals or in a single case granted by the board of appeals and overturned by the decision of Judge Hodgson.
The publication of the denial of application #6658 says that it is the denial of a variance or interpretation:
 ". . . to allow fifteen foot side yard, fifteen foot rear yard and five foot setback variances plus increase in area coverage to 21.5% area coverage to enable construction of garage as described in previous variance #6269 and #6312."
After reading the transcript with some care the court cannot explain the apparent discrepancy between the 20.70% area coverage in the 1988 variance #6269 and the 21.5% area coverage in the 1990 variance application #6658.
PLAINTIFF'S CLAIMS
The plaintiff in his appeal made six claims which may be summarized as follows: a) the board denied him due process; b) the board failed to follow statutory requirements on eligibility qualifications and disqualification of members; c) the regulations of the Madison ZBA conflicted with state statute; d) the decisions of the board are contrary to the regulations of the town; e) the decisions of the board are contrary to the evidence presented at the May 4, 1993 public hearing; and f) the reasons given by the board do not support its decision.
DECISION OF THE COURT
Many of the matters raised by the plaintiff are inappropriate in a zoning appeal. Matters having to do with the propriety or constitutionality of § 13.5 of the regulations must be determined, CT Page 5139 if at all, by declaratory judgment action. The only issues properly before the court in the instant appeal are:
I. Did the zoning enforcement officer properly interpret § 13.5 of the Madison Zoning Regulations.
II. If the Zoning Board of Appeals granted a variance in 1988, after having found hardship, may it later in the absence of either a change in the neighborhood or a change in the request reverse its finding of hardship and deny the variance on that basis.
Section 13.5 of the regulations clearly provided:
 "Any variance granted pursuant to § 13.3.3 for which a building permit is required shall expire after two years unless a certificate of occupancy has been obtained in such period."
It is uncontested that the first variance granted to the plaintiff was granted in 1988. It is equally uncontested that no construction ever occurred and no certificate of occupancy had issued at the time of the present action in 1993. Accordingly, the court sustains the interpretation of § 13.5 by the zoning enforcement officer and affirms the action of the Zoning Board of Appeals in affirming its enforcement officer's interpretation.
Although there is a minor and unexplained discrepancy between 20.7% and 21.5% of area in the variance granted in application #6269 and the variance denied in application #6658, it is the holding of the court that for all practical purposes the variances are identical.
The court would also note the following exchange which took place at the public hearing:
 Chairman Borchert: "I'd like to know specifically as it relates to your appeal today what your hardship is."
 Mr. Donaldson: "My hardship is, in fact, the same hardship that was stated in 1988."
Transcript at page 86. CT Page 5140
In examining the transcript the court can find no evidence that there had been any change in circumstances in the neighborhood that would bear upon the legitimacy of the plaintiff's hardship.
Under our law there is limitation upon the rights of local administrative bodies to change their decisions in the same case concerning the same parties when there is no change in circumstances. Thus in Mitchell Land Company v. Planning andZoning Board of Appeals, 140 Conn. 527 (1953) the court held:
 "From the inception of zoning to the present time, we have uniformly held that a zoning board should not ordinarily be permitted to review its own decisions and to revoke action once duly taken. [citations omitted] Otherwise, as we have repeatedly said, there will be no finality to proceedings and the decision would be subject to change at the whim of the board or to influence exerted on its members. [citations omitted] The power of the zoning board to reconsider under some circumstances has however never been denied. We have consistently recognized its right to exercise that power, (1) when a change of conditions has occurred since the prior decision of the board; or (2) when other conditions materially affecting the merits of the subject matter have intervened and no vested rights have arisen."
Mitchell at 533.
The same court held:
 "Finality of a decision is just as desirable in the case of an exception as in one involving a variance."
Mitchell at 534.
The question of whether the 1988 hardship was supported by the record is not before this court. The court does find that the hardship in 1993 had not changed in any substantial manner from the hardship in 1988. The court further finds that the finding of hardship made in 1988 was never challenged and must be taken as CT Page 5141 final. The intervening hardships and the variance overturned by the decision of Judge Hodgson concerned different variances and variances which would have varied the zoning regulations to a greater degree than application #6656. The court further finds that notwithstanding minor confusion in areas and the rather substantial confusion between the application and publication of the earlier variance, application #6269 and #6658 are substantially identical.
Accordingly, the court reverses the decision of the Madison Zoning Board of Appeals and the appeal to this court is sustained. The court remands the matter to the Madison Zoning Board of Appeals with directions to grant a variance of the zoning regulations to allow a fifteen foot side yard, a fifteen foot rear yard, a five foot front setback variance, plus an increase in area coverage to 20.7% area coverage to enable construction of a garage as described in the earlier variance application dated December 17, 1987.
The court by,
Kevin E. Booth, Judge